# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>               Plaintiff,<br><br>   v.<br><br>V. O'BRIEN, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:08-cv-01367 DLB PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND CERTAIN DEFENDANTS<br><br>(Doc. 10) |

**Order Dismissing Certain Claims and Defendants**

     This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Lynn Charles Beyett ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis. On September 12, 2008, Plaintiff filed a complaint initiating this action. On July 7, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants O'Brien and Ragan for violation of the Eighth Amendment, but does not state cognizable state law claims nor claims against defendants Doehring, Kapoor, Shannon, Igbinosa, Hansen, Alvarez, Yates, Cate and Tilton. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On August 4, 2009, Plaintiff filed a notice in response to the Court order.

///

///

1    In his notice, Plaintiff states that he has retained counsel, who will file Plaintiff's amended
2    complaint.[1] Plaintiff further indicates that if his amended complaint is not received by the Court,
3    Plaintiff still wishes to proceed with this action.
4    No amended complaint has been filed in this action. Based on Plaintiff's notice stating that
5    he wishes to proceed in this action even if the amended complaint is not filed, this action proceeds
6    in the original complaint filed September 12, 2008, and this order now issues.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

///
///

---

[1] Plaintiff's notice does not constitute a notice of substitution of attorneys. See Local Rule 83-182. A substitution of attorneys must be signed by the withdrawing attorney, who in this case would be Plaintiff since he has been proceeding pro se, and also by the new attorney. Local Rule 83-182(a)(1), (g). The notice submitted by Plaintiff is not signed by the attorney who he retained, and therefore Plaintiff continues pro se in this action.

## II.    Summary of Plaintiff's Complaint[2]

Plaintiff is currently housed at Pleasant Valley State Prison, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants V. O'Brien, D. Ragan, L. Doehring, Kapoor, R. Shannon, F. Igbinosa, R. Hansen, W. Alvarez, J. Yates, J. Tilton, and M. Cate.

Plaintiff states that he takes morphine twice daily. Plaintiff states that on the morning of September 13, 2007, defendant Kapoor discontinued Plaintiff's medication based on allegations that Plaintiff had been "palming" his medication, which Plaintiff denies. Plaintiff states that later that evening defendant O'Brien refused to issue Plaintiff his morphine because his medication was discontinued. Plaintiff states that while returning to his Housing Unit he fell and injured his knee. Plaintiff was transported to the clinic, where defendant O'Brien refused to allow him to see a doctor or go to CTC despite his complaints of severe pain, and also stated that Plaintiff was faking.

Plaintiff states that defendant Ragan responded to a call for medical treatment for Plaintiff the next day. Plaintiff alleges that defendant Ragan refused to examine Plaintiff's severely swollen knee and would not allow Plaintiff to see a doctor for three days.

Plaintiff alleges that on September 17, 2007 he was reissued a CDC 7721 for his morphine, but that defendant Doehring made a notation indicating that the medication was to be discontinued if Plaintiff was caught palming medication again.

Finally, Plaintiff states that on March 12, 2008, defendant Kapoor prescribed Plaintiff Motrin for his pain. Plaintiff states that he has Hepatitis C and was informed by previous doctors that he should not take Motrin because it was harmful to the liver. Plaintiff alleges that defendant Kapoor stated "Motrin won't kill you" and told Plaintiff to see another doctor if he didn't like it.

Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution as well as state claims for personal injury and intentional infliction of emotional distress against all

---

[2] Plaintiff has attached over seventy pages of documentation to his complaint, which includes copies of inmate appeals and medical documents. While they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. Plaintiff's exhibits are not incorporated by reference and therefore are not considered by the Court.

3

1  defendants.

2      **A.**    **Eighth Amendment Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

    **i.**    **Defendants O'Brien and Ragan**

Plaintiff's allegations that defendant O'Brien refused to allow Plaintiff to see a doctor, accused Plaintiff of faking, and told Plaintiff that he could suffer are sufficient to state a claim under section 1983 against Defendant O'Brien. Fed. R. Civ. P. 8(a)(2).

Plaintiff's allegations that defendant Ragan refused to examine Plaintiff's severely swollen knee despite Plaintiff's complaint of severe pain are also sufficient to state a claim.

    **ii.**    **Defendant Kapoor**

Plaintiff's allegation that defendant Kapoor discontinued Plaintiff's medication on the

suspicion that Plaintiff was palming it is insufficient to state a claim.  Although Plaintiff states that he was taking morphine, Plaintiff does not allege that he was suffering from any serious medical need. Without such an allegation, the fact that the defendant discontinued Plaintiff's pain medication does not amount to a constitutional violation.  Furthermore, even if Plaintiff had sufficiently alleged a serious medical need, Plaintiff has not alleged that defendant Kapoor "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

Plaintiff's further allegation that eight months later defendant Kapoor prescribed him Motrin for his pain, despite Plaintiff's concern about its side effects, is also insufficient to state a claim.  Again, Plaintiff has not sufficiently alleged any serious medical need requiring pain medication, and therefore the fact that defendant Kapoor recommended Motrin does not amount to a constitutional violation.

### iii.   Defendant Doehring

Plaintiff alleges that on September 17, 2007, Defendant Doehring re-issued Plaintiff a CDC 7221 for morphine, but also wrote that the medication would be discontinued if plaintiff was caught palming his medication. Writing a notation that Plaintiff's medication may be discontinued simply does not demonstrate that defendant Doehring "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837, and does not amount to a constitutional violation.

### iv.   Defendants Shannon, Igbinosa, Hansen, Alvarez, Yates, Cate and Tilton

Plaintiff also names as defendants the Secretary/Director of CDCR M. Cate, Warden James Yates, Health Care Manager W. Alvarez, Associate Warden R. Hansen, Chief Medical Officer Igbinosa and Correctional Captain R. Shannon as defendants in this action.  Plaintiff alleges that these defendants are responsible for ensuring that inmates receive proper medical care.

There is no respondeat superior liability under section 1983, and therefore, Plaintiff may not state a claim against these defendants simply because they hold supervisory positions. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, the fact that defendant Hansen responded to Plaintiff's inmate appeal by conducting an investigation that involved interviews with four of the defendants is

5

1  insufficient to support a claim that any of them violated Plaintiff's constitutional rights. Jones, 297
2  F.3d at 934. Rather, the defendants must have been personally involved in the alleged violation in
3  order for liability to attach. Iqbal, 129 S.Ct. at 1949; Jones at 934.
4      Plaintiff's allegations are not sufficient to give rise to a cognizable claim for relief under
5  section 1983 against defendants Shannon, Igbinosa, Hansen, Alvarez, Yates, Cate and Tilton.
6      **B.**    **State Claims**
7      Plaintiff alleges a state claim for personal injury. California law does not provide a cause of
8  action for "personal injury".
9      Plaintiff also alleges a claim for Wilfully Malicious Infliction of Emotional Distress, which
10 the Court construes as a claim for intentional infliction of emotional distress. Under California law,
11 the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct
12 by the defendant with the intention of causing, or reckless disregard of the probability of causing,
13 emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual
14 and proximate causation of the emotional distress by the defendant's outrageous conduct. Sabow
15 v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54
16 Cal.3d 868 (1991)) (quotations omitted). Plaintiff has not alleged any severe or extreme emotional
17 distress.
18 **III.**    **Conclusion and Order**
19     Plaintiff's complaint states a claim under section 1983 against Defendant O'Brien and
20 Defendant Ragan for violation of the Eighth Amendment of the United States Constitution, but fails
21 to state a claim against Defendants Doehring, Kapoor, Shannon, Igbinosa, Hansen, Alvarez, Yates,
22 Cate or Tilton, and also fails to state any cognizable state law claims. Plaintiff was provided with
23 an opportunity to file an amended complaint but has not done so. However, Plaintiff has stated that
24 he wishes to proceed with the action.
25     Accordingly, this action shall proceed only against Defendants O'Brien and Ragan for
26 ///
27 ///
28 ///

violation of the Eighth Amendment. Defendants Doehring, Kapoor, Shannon, Igbinosa, Hansen, Alvarez, Yates, Cate and Tilton, are HEREBY ORDERED DISMISSED from this action, and Plaintiff's state law claims are DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **September 23, 2009**                    **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE