# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>          Plaintiff,<br><br>     v.<br><br>V. O'BRIEN, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:08-CV-01367-DLB PC<br><br>ORDER GRANTING MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER (DOC. 23)<br><br>Discovery Cut-off Date: 12/15/2010<br>Dispositive Motion Deadline: 2/24/2011<br><br>ORDER GRANTING MOTION TO CONDUCT DEPOSITION VIA VIDEO CONFERENCE (DOC. 24) |

Plaintiff Lynn Charles Beyett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint against Defendants V. O'Brien and D. Ragan for violation of the Eighth Amendment.  Pending before the Court are 1) Defendant O'Brien's motion to modify the discovery and scheduling order, filed October 4, 2010, and 2) Defendant O'Brien's motion to conduct Plaintiff's deposition via video conference, filed October 6, 2010.

## I.     Motion To Modify Discovery And Scheduling Order

Defendant seeks a thirty-day extension of time to the discovery cut-off date and dispositive motion deadline.  Defendant's counsel contends that he has numerous pending matters that cannot be postponed and would make it impossible to take Plaintiff's deposition by the discovery cut-off date.  Defendant would then require additional time to obtain the deposition transcript prior to filing a dispositive motion.

1  The Court can modify a scheduling order on showing of good cause.  Fed. R. Civ. P.
2 16(b)(4).  Good cause appearing, it is HEREBY ORDERED that Defendant's motion to modify
3 the discovery and scheduling order is GRANTED.  The discovery cut-off date is December 15,
4 2010.  The dispositive motion deadline is February 24, 2011.

**II.     Motion To Coduct Deposition Via Video Conference**

Defendant moves to conduct Plaintiff's deposition via video conference, pursuant to Federal Rule of Civil Procedure 30(b)(4).  Defendant contends that Plaintiff is housed at San Quentin Prison.  A video conference deposition would save on unnecessary travel expenses and is in the interest of judicial economy.  The Court agrees.  Accordingly, it is HEREBY ORDERED that Defendant's motion to conduct Plaintiff's deposition via video conference is GRANTED.

IT IS SO ORDERED.

Dated:   **October 20, 2010**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE