# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>V. O'BRIEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-CV-01367-DLB PC<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT RAGAN (DOCS. 26, 30)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER (DOC. 27)<br><br>Discovery cutoff date: March 23, 2011<br>Dispositive motion deadline: May 6, 2011<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. 28) |

　　Plaintiff Lynn Charles Beyett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). This action is proceeding on Plaintiff's complaint filed on September 12, 2008 against Defendants V. O'Brien and D. Ragan for violation of the Eighth Amendment. Pending before the Court are three of Plaintiff's motions. On November 15, 2010, Plaintiff filed a motion seeking entry of default against Defendant Ragan. Doc. 26. On November 15, 2010, Plaintiff filed a motion for modification of the scheduling order. Doc. 27. On November 16, 2010, Plaintiff field a motion for appointment of counsel. Doc. 28.

**I.     Motion For Entry of Default**

　　Plaintiff filed a motion for entry of default against Defendant Ragan for failure to answer or otherwise respond to Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 55. Doc. 27. On November 23, 2010, Defendant filed an opposition. Doc. 29. On December 9, 2010, Plaintiff filed a "motion to respond to motion to opposition to enter a default judgment,"

which the Court construes as a reply. Doc. 30. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff contends that Defendant Ragan failed to file a timely answer or otherwise respond. A review of the Court docket indicates that Defendant Ragan signed a waiver of service on December 28, 2009, and was thus required to file an answer or otherwise respond by February 26, 2010. Doc. 20. Plaintiff is correct that an entry of default would be warranted against Defendant Ragan.

In opposition, Defendant Ragan contends that she failed to file an answer because she assumed that the Attorney General's office would represent her in this matter. Defendant Ragan is retired from the CDCR and did not seek representation. Def. Ragan Decl. ¶¶ 1-2, Doc. 29-2. Defendant has now requested that the Attorney General's office represent her in this action. *Id.* ¶ 3. Defendant contends that it was a misunderstanding on her part, and that default should not be entered. *Id.* Defendant has filed a joinder to Defendant O'Brien's answer. Joinder, Doc. 29-3.

Plaintiff contends that it would be unfair to allow Defendant Ragan to join at this late a juncture in the action. Pl.'s Reply, Doc. 30.

Default is generally disfavored. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

Even if the Court had granted default, Defendant has sufficiently demonstrated that default is disfavored here. Defendant has declared that her ignorance as to representation is the reason she failed to answer. Defendant contends that Plaintiff has propounded no discovery, and thus will suffer no added inconvenience. Steele Decl. ¶ 8, Doc. 29-1. This is sufficient to set

aside any entry of default.  The Court understands that Plaintiff will require additional time to conduct discovery, however, and will thus grant a modification of the scheduling order.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for entry of default, filed November 15, 2010, is DENIED.

**II.      Motion For Modification of Scheduling Order**

Plaintiff moves for a modification of the scheduling order.  Plaintiff seeks a sixty-day extension of time to the discovery-cutoff date and to the dispositive motion deadline.  As the Court will be denying entry of default against Defendant Ragan, there is good cause for modification of the scheduling order.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for modification of the Court's discovery and scheduling order is GRANTED.  The discovery cut-off date, including filing of any motion to compel, is **March 23, 2011**.  To expedite the litigation, the Court will require a party served with a discovery request to serve a response within thirty (30) days from the date of service of the discovery request.  To ensure that all parties have an opportunity to respond, all discovery requests must be served at least thirty (30) days before the discovery cut-off date.  The dispositive motion deadline is **May 6, 2011**.

**III.     Motion For Appointment of Counsel**

On November 16, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

1      In the present case, the court does not find the required exceptional circumstances.  Even
2 if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
3 which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
4 similar cases almost daily.  Based on a review of the record in this case, the court does not find
5 that plaintiff cannot adequately articulate his claims.  *Id.*

6      Plaintiff contends that he needs a lawyer to ask questions of staff members and inmates,
7 and that without such legal assistance, he will not be able to obtain all the evidence he seeks.
8 That is not necessarily true.  There is a procedure in the California prison system to communicate
9 with other inmates for purposes such as litigation, which does not require the service of an
10 attorney.  Plaintiff may seek voluntary declarations from non-party prison staff.  Plaintiff may
11 also be able to conduct depositions on non-parties.  However, that will require Plaintiff to
12 comply with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P.  30, 31.

13      For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
14 DENIED, without prejudice.

16    IT IS SO ORDERED.

17    **Dated:**   **January 21, 2011**           **/s/ Dennis L. Beck**
                                                                           UNITED STATES MAGISTRATE JUDGE