# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LYNN CHARLES BEYETT,

Plaintiff,

v.

V. O'BRIEN, et al.,

Defendants.

/

CASE NO. 1:08-CV-01367-OWW-DLB PC

ORDER REGARDING PARTIES' MOTIONS

(DOCS. 33, 34, 35, 36, 39, 42, 43)

Dispositive Motion Deadline: July 6, 2011

Plaintiff Lynn Charles Beyett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants V. O'Brien and D. Ragan for violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motions for leave to file an amended complaint, filed on March 14, 2011 and April 7, 2011; 2) Plaintiff's motion to have appeal inquiry sent to this Court, filed March 14, 2011; 3) Plaintiff's motion to communicate with inmate witnesses, filed March 14, 2011; 4) Plaintiff's motion for discovery, filed March 24, 2011; 5) Defendants' motion to modify the scheduling order, filed May 6, 2011; and 6) Plaintiff's motion to modify the scheduling order, filed May 17, 2011.

## I. Plaintiff's Motions To Amend Complaint (Docs. 33 and 39)

Plaintiff moves the Court for leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Doc. 33. Defendants filed an opposition on April 7, 2011. Doc. 38.

Plaintiff contends that he named John Doe defendants in his complaint which he had not yet identified. Plaintiff now contends that the John Doe defendant is doctor Kapoor. Defendants contend that Plaintiff's claims against doctor Kapoor were dismissed for failure to state a claim. Defs.' Opp'n 1:21-3:7; *see* Screening Order, Doc. 10. Plaintiff was provided an opportunity to amend, but declined. Pl.'s Notice, Doc. 11. The Court thus dismissed Defendant Kapoor from this action. Order Dismissing Certain Claims and Defendants, Doc. 12.

Federal Rule of Civil Procedure 15(a) allows for amendments to the pleadings as justice so requires. Pursuant to the Court's March 15, 2010 Scheduling Order, the deadline to amend pleadings was September 15, 2010. Scheduling Order, Doc. 19. Plaintiff provides no good cause to modify the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Plaintiff provides no good cause as to why he should be allowed to amend his complaint. Plaintiff declined to amend his complaint regarding his claims against Defendant Kapoor. To allow Plaintiff to amend his complaint now would cause undue delay in litigating this action and prejudice the opposing party. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Plaintiff also fails to demonstrate how amending his complaint would not be futile. Accordingly, Plaintiff's motions to amend his complaint will be denied.

**II. Plaintiff's Motion Regarding Appeal Inquiry and Discovery (Docs. 34 and 37)**

Plaintiff requests that the full file regarding the investigation into Plaintiff's appeal at Pleasant Valley State Prison, where the events at issue occurred, be sent to this Court. Pl.'s Mot., filed March 14, 2011, Doc. 34. Plaintiff contends that as a prisoner, he cannot access the full file. Plaintiff contends that this file will prove his claims in this matter. Plaintiff also filed a motion for discovery regarding the appeal inquiry on March 23, 2011. Doc. 37. Defendants filed their opposition on April 13, 2011. Doc. 40. Plaintiff filed his reply on April 28, 2011. Doc. 41.

Defendants contend that the Federal Rules of Civil Procedure require a motion to compel to be preceded by a discovery request. Defs.' Opp'n 2:18-26, Doc. 40. Defendants also contend that out of an abundance of caution, they responded to Plaintiff's discovery request. *Id.* at 3:2-7.

First, the Court does not serve as a repository for evidence. First Informational Order ¶ 6, Doc. 3. Second, it appears that Plaintiff is requesting the production of discovery. However, the Court required all discovery requests be served at least thirty days before the discovery cut-off date of March 23, 2011. *See* Order, filed January 21, 2011, Doc. 31. Thus, discovery requests were to be served by February 21, 2011. Third, if Plaintiff intended to file a motion to compel, Plaintiff submits no proof that he attempted to serve discovery requests before filing this motion for discovery, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(3)(B). Finally, Defendants contend that they responded to Plaintiff's discovery requests.

Thus, Plaintiff's motions regarding discovery, filed March 14, 2011 and March 24, 2011, will be denied, without prejudice to refiling within twenty-one (21) days from the date of service of this order, if accompanied by exhibits which demonstrate that Plaintiff served timely discovery requests.

**III. <u>Plaintiff's Motion To Communicate With Inmate Witnesses</u>**

Plaintiff seeks to communicate with four potential inmate witnesses. Pl.'s Mot., filed March 14, 2011, Doc. 35. Plaintiff requests that the Court assist Plaintiff in communicating with these witnesses. Also included in this motion are Plaintiff's proposed interrogatories for multiple individuals, including Defendants, non-party prison staff, and non-party prisoners.

First, it does not appear Plaintiff attempted to utilize the prison's own system regarding communication with inmate witnesses. *See* Cal. Code Regs. tit. 15, § 3139. The Court is disinclined to order communication between inmates if Plaintiff did not first attempt to resolve this matter through other means. Second, Plaintiff may not serve interrogatories on non-parties. *See* Fed. R. Civ. P. 33(a)(1) (describing rules for interrogatories between parties only). Third, Plaintiff's interrogatories for the parties do not appear to have been timely served. *See* Order, filed January 21, 2011, Doc. 31 (requiring all discovery requests be served at least thirty days before March 23, 2011). Accordingly, Plaintiff's motion, filed March 14, 2011, is denied.

**IV. <u>Motions To Modify Scheduling Order (Docs. 42 and 43)</u>**

Defendants filed a motion to modify the scheduling order on May 6, 2011. Doc. 42. Plaintiff filed his response to Defendants' motion and his own motion to modify on May 17,

2011. Doc. 43.

Defendants request that the Court modify the scheduling order regarding dispositive motions. Defs.' Mot. 3:23-4:8, Doc. 42. The Defendants contend that if the Court rules in favor of Plaintiff's motions for discovery and to amend his complaint, the Defendants will need more time to prepare their motion. *Id.*

Plaintiff does not oppose Defendants' motion, and requests that Defendants agree to allow Plaintiff to amend his complaint. Pl.'s Mot., Doc. 43. Plaintiff again moves for leave to amend his complaint and to re-serve his interrogatories.

As stated above, Plaintiff's motion to amend his complaint, and service of interrogatories, will be denied. The Court finds that Defendants' motion to modify the scheduling order is timely and presents good cause for modification. The Court will set a new dispositive motion deadline of July 6, 2011.

**V. Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend his complaint, filed March 14, 2011 and April 7, 2011, are denied;
2. Plaintiff's motions to file confidential appeal inquiry and for discovery, filed March 14, 2011 and March 24, 2011, are denied as stated herein;
3. Defendants' motion to modify the scheduling order, filed May 6, 2011, is granted;
4. Plaintiff's motion to modify the scheduling order, filed May 17, 2011, is denied as stated herein; and
5. The dispositive motion deadline is set for July 6, 2011.

IT IS SO ORDERED.

**Dated: May 19, 2011**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE