# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT, | CASE NO. 1:08-CV-01367-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | (DOC. 44) |
| V. O'BRIEN, et al., | |
| Defendants. | |

Plaintiff Lynn Charles Beyett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 20, 2011, the Court issued an order which, *inter alia*, denied Plaintiff's motion for discovery, construed as a motion to compel. Pending before the Court is Plaintiff's motion, filed June 7, 2011, which the Court construes as a motion for reconsideration. Doc. 44.

A court may relieve a party from a final judgment or order for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not

1

exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, Plaintiff contends that (1) he is ignorant of the rules of discovery and (2) his motions for interrogatories and discovery were not filed sooner because there was a quarantine on north block (where Plaintiff was presumably housed), which affected his ability to access the law library. Plaintiff requests to send a copy of the quarantine order as proof of his claims.

The Court explained discovery in its Discovery and Scheduling Order, filed on March 15, 2010. Doc. 19. Discovery requests need to be served on the responding party, and the party must provide a response, before a motion to compel is filed with the Court. *See* Fed. R. Civ. P. 37. As it appears that Plaintiff disputes Defendants' production of documents, Plaintiff is required to file the discovery request served on Defendants, their response, and the proof of service at issue, pursuant to Local Rule 250.3. Plaintiff's motion for discovery was construed as a motion to compel, and was deficient because it was not accompanied by Plaintiff's discovery request served on Defendants, their response, and the proof of service.

Plaintiff's ignorance of the discovery rules is not an excuse. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to the Court's May 20, 2011 Order, Plaintiff is provided the opportunity to file an amended motion to compel, if he also includes the discovery request served on Defendants, their response, and the proof of service.

The Court also finds it unnecessary for Plaintiff to send a copy of the quarantine order. It is irrelevant why Plaintiff did not serve interrogatories on non-parties because interrogatories cannot be served on non-parties. Fed. R. Civ. P. 33. If Plaintiff wishes to communicate with other inmate witnesses, he should first utilize the prison's own system regarding communication with inmates. *See* Cal. Code Regs. tit. 15, § 3139.

Accordingly, Plaintiff's motion, filed June 7, 2011 and construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated:   **June 20, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE