# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>        Plaintiff,<br><br>    v.<br><br>V. O'BRIEN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-CV-01367-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(DOC. 50)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.    Background**

Plaintiff Lynn Charles Beyett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed September 12, 2008, against Defendants V. O'Brien and D. Ragan for deliberate indifference in violation of the Eighth Amendment. On August 4, 2011, Defendants filed a motion for summary judgment. Defs.' Mot. Summ. J., Doc. 50. On September 2, 2011, Plaintiff filed his opposition. Pl.'s Opp'n, Doc. 52.[1] The matter is submitted pursuant to Local Rule 230(l).

**II.    Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on November 4, 2009. Doc. 15, Second Informational Order; *see Rand v. Rowland*, 154 F.3d 952, 955-56 (9th Cir. 1998) (en banc).

1 dispute as to any material fact, and that the moving party is entitled to judgment as a matter of
2 law.  Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the

2

nonmoving party, *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 586-87 (citations omitted).

///
///
///
///
///
///

III.     **Statement Of Facts**[2]

Plaintiff is an inmate in the custody of the CDCR.  Pl.'s Compl. 1, Doc. 1.  Plaintiff was housed at Pleasant Valley State Prison during the events in question.  *Id.*  Plaintiff has osteoarthritis and rheumatoid arthritis in his right knee, a result of a football injury sustained in high school.  Steele Decl. ¶ 2, Ex. A, Pl.'s Dep. 47:6-25, Dec. 2, 2010.  Beginning in 2005, the pain in his knee became chronic.  *Id.* at 48:1-9.  Between 2005 and September 2007, the pain slowly worsened.  *Id.* at 50:16-18.

On September 11, 2007, Plaintiff went to the Facility B satellite clinic to receive his direct observation medication, morphine.  Pl.'s Compl. 11:24-27.[3]  Plaintiff was taking morphine for pain in his knee.  Pl.'s Dep. 15:12-17.  Plaintiff's behavior at the clinic was interpreted by Licensed Vocational Nurse ("LVN") Brebes as "palming" the medication.  Pl.'s Compl. 11:27-12:3.  "Palming" medication is a ruse by which inmates pretend to take their medication, but do not do so.  O'Brien Decl. ¶ 3.  Inmates "palm" their medication for a variety of reasons, including a desire to hoard it for later recreational use, or re-sale to other inmates.  O'Brien Decl. ¶ 3.  These activities, particularly drug dealing within prison, violate prison rules and create serious safety and security issues.  *Id.* ¶ 4.  They also hinder the ability of health care professionals to treat inmates effectively.  *Id.* ¶ 4.  LVN Brebes wrote a CDCR 115 Serious Rules Violation report as a result of what she perceived to be Plaintiff's palming of his medication.  Pl.'s Compl. 11:27-12:3.

Based on this allegation, on September 13, 2007, Dr. Kapoor discontinued Plaintiff's

---

[2] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to evidence.  *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial").  Plaintiff's opposition does not directly dispute Defendants' statement of facts.  The Court "is not required to comb through the record to find some reason to deny a motion for summary judgment."  *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988)).  Instead, the "party opposing summary judgment must direct the Court's attention to specific triable facts."  *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).  Thus, Defendants' statement of facts is considered undisputed to the extent that it is supported by citation to materials in the record.  Fed. R. Civ. P. 56(e).  The Court will consider only those facts and evidence that are relevant to resolving the motion for summary judgment.

[3] Page numbers refer to the Court's docket numbering.

1  morphine. Pl.'s Compl. 12:3-6. Once the morphine was discontinued, neither a licensed
2  vocational nurse nor a registered nurse would have been able to dispense it to Plaintiff. O'Brien
3  Decl. ¶ 5. That evening, September 13, 2007, Plaintiff appeared at the clinic for his medication.
4  Pl.'s Compl. 12:8-9, 22:12-16. Defendant Nurse O'Brien told Plaintiff that his medication had
5  been discontinued because of the "palming" allegation. Pl.'s Compl. 12:9-10. Plaintiff left the
6  clinic. Pl.'s Dep. 26:10-12.

7      On the way back to his cell, Plaintiff fell while stepping over a curb. *Id.* at 26:13-15.
8  Plaintiff was brought back to the clinic in a wheelchair. *Id.* at 26:16-27:3. While at the clinic, he
9  slid out of the wheelchair and onto the floor, allegedly to elevate his knee. *Id.* at 31:5-18. When
10 Plaintiff returned to the clinic, Defendant O'Brien believed he was faking an injury. Pl.'s Dep.
11 28:11-17. Plaintiff told her that he was not asking for medication; he simply wanted an x-ray of
12 his knee. Pl.'s Dep. 28:18-21. Plaintiff did not want medication. Pl.'s Dep. 32:5-8. Defendant
13 O'Brien did not have the authority to order an x-ray. O'Brien Decl. ¶ 6. Although Defendant
14 O'Brien had the authority to call a doctor for a telephonic authorization, it is her recollection that
15 there were no doctors available by the time Plaintiff returned to the clinic on the evening of
16 September 13. *Id.* ¶ 6. Even if there had been a doctor available to authorize an x-ray, there
17 were no x-ray technicians working at that hour to perform it. *Id.* ¶ 6. Defendant O'Brien gave
18 Plaintiff an icepack for his knee. Pl.'s Dep. 41:13-21. Plaintiff returned to his cell. *Id.* at
19 34:25-35:2.

20     The next morning, Plaintiff asked a correctional officer to get a nurse to document the
21 condition of his knee and give him a lay-in. Pl.'s Dep. 35:7-19. Defendant Nurse Ragan
22 responded. Pl.'s Dep. 35:20-25. Defendant Ragan gave Plaintiff a lay-in. *Id.* at 36:1-3. Plaintiff
23 received medical attention from Nurse Practitioner Doehring on September 17, 2007. *Id.* at
24 41:25-42:7. Nurse practitioners have the authority to order x-rays. O'Brien Decl. ¶ 7. Nurse
25 Practitioner Doehring administered a shot of Kenalog, but declined to order x-rays. Pl.'s Dep.
26 42:16-25. Plaintiff does not know what difference it would have made had Defendant O'Brien
27 ordered an x-ray for him on September 13, 2007. *Id.* at 51:6-52:9. Neither does he know what
28 difference it would have made had Defendant Ragan examined his knee or ordered an x-ray the

following day. *Id.* at 52:10-53:16. Plaintiff has no evidence that he sustained any damage to his knee because he was not seen by a doctor or x-rayed between September 13 and 17, 2007. *Id.* at 53:17-21. Plaintiff is unable to describe any damages he suffered as a result of the acts or omissions of Defendants O'Brien and Ragan. *Id.* at 54:5-9. Plaintiff needs a total knee replacement. Pl.'s Dep. at 14:2-13. He does not know whether he was first told he needed a total knee replacement before or after September 13, 2007. *Id.* at 48:17-21. No health care practitioner has told Plaintiff that the fall of September 13, 2007, played any part in his need for a total knee replacement. *Id.* at 48:10-14.

For his actions on September 13, 2007, Plaintiff was found guilty of a serious rules violation, attempted manipulation of staff. *Id.* at 57:4-22. As a result, he lost thirty days credit. *Id.* at 58:13-20. That finding has not been overturned. *Id.* at 58:13-20.

**IV.     Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)); *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. A serious medical need exists if the failure to treat the prisoner's condition results in further significant injury or the unnecessary and wanton infliction of pain. *See Jett*, 439 F.3d at 1096.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference

6

could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants contend that Plaintiff has failed to demonstrate actual injury as a result of Defendants' alleged actions in refusing to provide Plaintiff with an x-ray or send Plaintiff to see a doctor on September 13 or 14 of 2007. Defs.' Mem. P. & A. 5:13-6:18. Defendants contend that Plaintiff has no evidence to demonstrate that he suffered any damage to his knee because he was not seen by a doctor or x-rayed between September 13 and September 17 of 2007. *Id.*

Plaintiff believes that x-rays and being seen by a doctor would have avoided the intense pain he suffers in a daily basis. Pl.'s Opp'n 5-6. Plaintiff also cites to a confidential supplement to Plaintiff's appeal, detailing Plaintiff's allegations. Pl.'s Opp'n 6; Pl.'s Compl. 59-60. That document, however, does not dispute any of the undisputed facts presented here.

Having considered the evidence presented, construed all reasonable inferences in favor of Plaintiff as the non-moving party, the Court finds that Plaintiff has failed to demonstrate that he suffered injury as a result of Defendants O'Brien and Ragan's conduct. Based on the undisputed facts, construed in the light most favorable to Plaintiff as the non-moving party, there is no evidence that the failure to provide Plaintiff with a x-ray or to be seen by a doctor from September 13 to September 17 resulted in further significant injury or the wanton or unnecessary infliction of pain. LVN Brebes found that Plaintiff had palmed his medication, and Dr. Kapoor discontinued Plaintiff's morphine as a result of the allegation. Defendants O'Brien and Ragan were thus not responsible for the discontinuation of Plaintiff's pain medication.

Based on the undisputed facts, Plaintiff does not know what difference it would have made had Defendant O'Brien ordered an x-ray for him on September 13, 2007, or if Defendant Ragan had ordered one on September 14, 2007. Plaintiff has no evidence that he sustained any damage to his knee because he was not seen by a doctor or x-rayed between September 13 and 17, 2007. Plaintiff cannot describe any damages he suffered as a result of the acts or omissions

7

of Defendants O'Brien and Ragan.  No health care practitioner has told him that his need for a total knee replacement is related to the events of September 13, 2007, and Plaintiff is not sure whether he was told he needed the procedure before or after that date.

Accordingly, the Court finds that there is no genuine dispute of any material fact as to Plaintiff's Eighth Amendment claim against Defendants O'Brien and Ragan.  Defendants are entitled to summary judgment as a matter of law.[4]

### V. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed August 4, 2011, should be granted;
2. Summary judgment should be granted in favor of Defendants and against Plaintiff; and
3. Judgment should be entered accordingly.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 26, 2012**          /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Court finds that Defendants are entitled to summary judgment, the Court declines to address Defendants' arguments that this claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

8